Jim Mackie, SBN 013314
Christopher M. Pastore, SBN 026340
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C., SBN 00504800
3430 E. Sunrise Drive, Suite 220
Tucson, AZ  85718
Telephone:  520.544.0300
Fax:  520.544.9675

jim.mackie@ogletreedeakins.com
christopher.pastore@ogletreedeakins.com

Attorneys for Defendant Metropolitan Life
Insurance Company

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Vickie R. Ferguson, a single woman,**  **Plaintiff,**  v.  **Metropolitan Life Insurance Company, a New York corporation,**  **Defendant.** | No.  2:14-cv-000000  **NOTICE OF REMOVAL** |

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA, PHOENIX, ARIZONA

Defendant Metropolitan Life Insurance Company ("Defendant" or "MetLife"), by and through undersigned counsel, hereby removes this action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. In support of such removal, Defendant states as follows:

1. Plaintiff filed this civil action (the "Action") in the Superior Court of Maricopa County, State of Arizona, on or about January 28, 2014. The Action was assigned Docket No. CV2014-090139.  Plaintiff served a Summons and Complaint on Defendant by U.S. Certified Mail on February 7, 2014.  Copies of the Summons and Complaint are attached hereto as Exhibit 1.  A copy of the

Service of Process showing service of the Complaint and Summons on Defendant on February 7, 2014 is attached hereto as Exhibit 2.  A copy of the Plaintiff's Certificate of Compulsory Arbitration filed in Maricopa County Superior Court is attached hereto as Exhibit 3.  A copy of the Plaintiff's Demand for a Trial by Jury filed in Maricopa County Superior Court is attached hereto as Exhibit 4.  Defendant has not yet answered the Complaint.

2.     This Notice of Removal is timely filed within 30 days of Plaintiff's service of the Summons and Complaint on Defendant.

3.     The Action is now pending in the Maricopa County Superior Court, which court is in the territory of the Phoenix Division of the U.S. District Court for the District of Arizona.

4.     Plaintiff's Complaint presents state law claims that seek to recover benefits that she alleges are owed to her as a beneficiary under a group life insurance policy (referred to in the Complaint as "Group Universal Life" Insurance or "GUL Insurance") taken out in the name of Plaintiff's former husband.  (Complaint, Exhibit 1, at ¶¶ 3-5, 40.) The purpose of the Group Universal Life Insurance was to provide eligible beneficiaries with benefits in the event of death.  (*Id.* at ¶¶ 4-5.) The Group Universal Life Insurance was funded by an insurance policy issued by MetLife to Plaintiff.  (*Id.*)  Plaintiff's husband was a participant in the Group Universal Life Insurance plan, as well as health insurance and travel benefits insurance plans, all of which were part of a comprehensive employee welfare benefit plan, known as the United Airlines Employee Welfare Benefit Plan (the "Plan"), provided and offered by Plaintiff's employer, United Airlines ("UAL"). (*Id.* at ¶¶ 2-10, 13-18.)  A copy of the Plan's Summary Plan Description (SPD) is attached hereto as Exhibit 5.

5.     Contrary to the allegations in Plaintiff's Complaint, the Plan offered and sponsored by UAL is an ERISA plan, and does not fall within the ERISA "safe harbor" provision.  Under the safe harbor provision, a group insurance plan is

exempt from ERISA coverage when all four of the following factors are met: (1) no contributions are made by the employer; (2) participation in the program is completely voluntary for employees; (3) the sole functions of the employer with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions and remit them to the insurer; and (4) the employer receives no consideration in relation to the plan.  *See* 29 C.F.R. § 2510.3-1(j); *Stuart v. UNUM Life Ins. Co.*, 217 F.3d 1145, 1149 (9th Cir. 2000) (it is only when all four of the safe harbor provisions are satisfied that an employer is not considered to have "established or maintained" the plan, thereby falling outside ERISA). Here, according to the allegations in Plaintiff's own Complaint, UAL did more than collect and remit premiums related to the Plan. Rather, UAL, through the United Benefits Service Center: (1) was responsible for administering the Plan by making modifications to the coverage and providing guidance regarding when and under what circumstances Plan coverages could be changed (Exhibit 1, ¶¶ 12-14, 16); (2) was the agent for MetLife with respect to policy changes (*Id*. at ¶ 15); and, most importantly, (3) made decisions regarding Group Universal Life Insurance coverage (*Id*. at ¶ 26). The Plan documents also indicate that employees are required to make changes to their policies through UAL, (*see, e.g.* Exhibit 5 at pp. G-10, G-16), and that UAL, through the United Benefits Service Center, makes determinations regarding eligibility for benefits under the plan. (*See, e.g.*, Exhibit 5 at pp. G-24.)  Furthermore, the Plan documents specify that UAL is the Plan Sponsor and that the UAL Retirement and Welfare Administration Committee is the Plan Administrator and has the discretionary power and authority to interpret, apply and enforce the Plan. (*See id*. at pp. G-36.)  Where, as here, an employer acts as the insurers' agent, has the authority to change or terminate the plan, is a party to whom a participant or beneficiary can direct requests for information or request changes be made to a policy or plan, and itself administers or is otherwise

3

involved in coverage decisions, the third element of the safe harbor provision is not met.  *See Ames v. Jefferson Pilot Fin. Co.*, 515 F.Supp. 2d 1050, 1056 (D. Ariz. 2007) (quoting *Kanne v. Conn. Gen. Life Ins. Co.*, 867 F.2d 489, 493 (9th Cir. 1988)); *Singh v. United of Omaha Life Ins. Co.*, 2011 U.S. Dist. LEXIS 104515 (E.D. Cal. Sept. 15, 2011); *Galloway v. Lincoln Nat'l Life Ins. Co.*, 2010 U.S. Dist. LEXIS 77218 (W.D. Wash. July 2, 2010).  Consequently, the Group Universal Life Insurance at issue is part of an ERISA plan and is, therefore, governed by ERISA.

6. ERISA provides the exclusive remedy for resolution of claims brought by a participant or beneficiary of an employee welfare benefit plan and that relate to the plan.  29 U.S.C. § 1132(a)(1)(B); s*ee also Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 62-63 (1987).

7. A complaint arising under ERISA is necessarily federal in character and completely preempted by ERISA, resulting in conferral of original jurisdiction on this Court.  *See*, *e.g.*, *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004); 29 U.S.C. § 1132(e); 28 U.S.C. §1331.

8. A cause of action filed in state court which is preempted by ERISA and comes within the scope of ERISA is removable to federal court under 28 U.S.C. § 1441(b) as an action arising under federal law, even where (as here) the complaint does not on its face allege that it arises under ERISA.  *See Taylor,* 481 U.S. at 62-63; *Felton v. Unisource Corp.*, 940 F.2d 503, 507-08 (9th Cir. 1991) (although the complaint did not state an ERISA cause of action on its face, the factual basis for the complaint "made it apparent that the action falls into the complete preemption area of ERISA").

9. ERISA preempts any state law claims asserted in the Complaint.  *See Aetna Health,* 542 U.S. at 209-210 (any state law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy is completely preempted); *Felton*, 940 F.2d at 507-508.

4

10. The Action is, therefore, a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331, and is one that may be removed by Defendant to this Court pursuant to 28 U.S.C. § 1441(a).

11. To the extent Plaintiff's Complaint could be construed to assert any state law claims which are not preempted by ERISA, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

12. Defendant, in accordance with Rule 3.7, Rules of Practice of the United States District Court for the District of Arizona, affirmatively states that a copy of this Notice has been filed with the Clerk of the Superior Court of the State of Arizona in and for Maricopa County.

WHEREFORE, Defendant hereby removes this action from the Superior Court of Maricopa County, State of Arizona, to this Court.

RESPECTFULLY SUBMITTED this 10th day of March, 2014.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: s/ Jim Mackie
Jim Mackie
Christopher M. Pastore
3430 E. Sunrise Drive, Suite 220
Tucson, AZ 85718
Attorneys for Defendant Metropolitan Life Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on the 10TH day of March, 2014, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and

transmittal of a Notice of Electronic Filing to the following CM/ECF registrants.

Mark W. Arnett
Arnett & Arnett, P.C.
1120 South Dobson Road, Suite 110
Chandler, AZ  85286
Attorneys for Plaintiff


s/ Carol Essig

6